**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:  The Trailer Owner LLC** | ) | |
| | ) | **Chapter 11** |
| | ) | **Case No. 25-02805** |
| | ) | |
| | ) | |
| | ) | **Judge: Timothy A. Barnes** |
| **Debtor(s)** | ) | |

### AFFIDAVIT OF DAVID FREYDIN IN SUPPORT OF DEBTOR'S MOTION TO EMPLOY BANKRUPTCY COUNSEL

David Freydin, hereby state under penalty of perjury, as follows:

1. I am an attorney duly licensed and authorized to practice law, and I am a member in good standing of the Bar of the State of Illinois and the United States District Court for the Northern District of Illinois.

2. I submit this declaration in support of the entry of an order authorizing the retention of myself and The Law Offices of David Freydin PC (collectively, the "Firm") as bankruptcy counsel for The Trailer Owner LLC (the "Debtor") pursuant to 11 U.S.C. §§ 327(a), 328(a), and 329 and to comply with 11 U.S.C. § 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

3. I have experience and knowledge in bankruptcy law, the Debtor's business operations and the commercial trucking industry and believe that the Firm is well qualified to serve as counsel for the Debtor.

4. Pursuant to 11 U.S.C. § 327(a), neither I nor the Firm are creditors of the estate in the above-captioned bankruptcy case and I do not represent or hold any interests that are adverse to the estate.

5. Pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure, I have done my due diligence to verify that myself and my firm is in compliance with this rule. To the best of my knowledge, my firm and I do not have any connections or conflict with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States Trustee.

6. To the best of my knowledge, neither myself nor anyone with the firm have a relative of the Bankruptcy Judge assigned to the Case or the Subchapter V Trustee assigned to the case.

7. The Firm has not entered into any arrangement to share any compensation that may be awarded by the Court, except as permitted under section 504(b) of the Bankruptcy Code.

8. The Firm's compensation shall be on an hourly basis based on the following rates and subject to approval by this court: David Freydin $450 per hour and Jan Michael Hulstedt $425 per hour, Derek V. Lofland $425 per hour, and Jeremy Nevel $425 per hour.

9. The Firm received a $10,000.00 prepetition retainer prior to the filing of the case. David Freydin spent 4.5 hours meeting with the client, reviewing bank statements, tax returns, and bills for the Debtor, and preparing the bankruptcy petition.

10. The Firm has done $2,025.00 in legal work prior to the filing of the case. The Firm also paid the filing fee of $1,738.00. The remaining $6,237.00 of the retainer is being held by the Firm to pay for post-petition work that will be held in the Firm's IOLTA Account and that work will be itemized in a Fee Application that is subject to this Court's Approval.

11. Based on the foregoing, I believe I and the employees of the Firm are disinterested persons within the meaning of §101(14) of the Bankruptcy Code.

12. I will seasonally amend this Declaration to the extent that I become aware of relationships for which disclosure is appropriate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 26, 2025

/s/ David Freydin
David Freydin

David Freydin
Law Offices of David Freydin, PC
8707 Skokie Blvd, Suite 312
Skokie, IL 60077
847-972-6157 phone
866-897-7577 fax
david.freydin@freydinlaw.com
*Lead Counsel for the Debtor*